**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JERRY CARL SCOTT, TDCJ #492190,** | ) | |
| **SID #1045367,** | ) | |
| **Previous TDCJ #852998, #952558, #1064902** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-1192-N** |
| | ) | **ECF** |
| **EDDIE L. WHEELER, et al.,** | ) | |
| **Defendants.** | ) | **Referred to Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is currently confined at the Dalhart Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Dalhart, Texas. Defendants are Warden Eddie L. Wheeler, Assistant Warden M.D. Savers, Mail-Room Supervisor Jerry Buck, and Assistant Mail-Room Supervisor M. Trevino. The Court has not issued process in this case, pending preliminary screening.

Statement of Case: Plaintiff complains of denial of access to the courts as a result of Defendants' actions and inactions with respect to his legal mail at the Dalhart Unit from May 13, 2006, until early 2007. He seeks monetary, declaratory and injunctive relief.

Findings and Conclusions:   The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court.  Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision.  Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.  *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

A review of the U.S. Party and Case Index reflects that the United States District Court for the Northern District of Texas, Abilene Division, dismissed one of Plaintiff's prior civil rights actions as barred by three strikes.  *Scott v. Wall, et al.,* 1:05cv0107 (N.D. Tex., Abilene Div., Aug. 8, 2005).  The Court concluded that Plaintiff had on three prior occasions, while incarcerated or detained under three different TDCJ numbers, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief may be granted.  *See Jerry Scott v. Busham, et al,* 3:99cv16 (N.D.-Dallas Div. March 24, 1999) (dismissed as frivolous under TDCJ #952558); *Jerry Scott v. Larkin, et al.*, 2:99cv160 (N.D.-Amarillo Div. August 4, 1999) (dismissed as frivolous under TDCJ  #952558); *Jerry Carl Scott v. Andrus, et al*, 3:00cv1399 (N.D.-Dallas Div. September 5, 2000) (dismissed as frivolous under TDCJ #492190).

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint.  *Banos v. O'Guin*, 144 F.3d 883, 884

2

(5th Cir. 1998).  The complaint presents no claim that he was in danger of any physical injury at the time of filing the same.  *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  *See also Banos*, 144 F.3d at 883-84. Moreover, it is clear that any claim of denial of access to the court cannot allege facts giving rise to a claim of "imminent danger of serious physical injury."  Therefore, the District Court should bar Plaintiff from proceeding *in forma pauperis* and dismiss his complaint as barred by three strikes unless he pays the full filing fee of $350.00 within the next ten days.  *See Adepegba*, 103 F.3d at 388.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court DENY Plaintiff's motion for leave to proceed *in forma pauperis,* and DISMISS the complaint as barred by three strikes under 28 U.S.C. § 1915(g), unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 20th day of July, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and

3

conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.